*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JONES, Minors.

UNPUBLISHED
July 14, 2025
1:59 PM

No. 372526
Wayne Circuit Court
Family Division
LC No. 2023-002115-NA

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's June 27, 2024 order terminating her parental rights to her minor children, IJ and JJ, under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical abuse), (b)(*ii*) (parent who had the ability to prevent physical injury or abuse failed to do so), and (j) (reasonable likelihood of harm if children returned to parent).[1] Respondent argues that petitioner, the Department of Health and Human Services (DHHS), failed to provide reasonable efforts toward reunification in violation of MCL 712A.19a(2) and MCR 3.977, and that the trial court erred when it determined termination of her rights to be in the children's best interests. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This matter began when petitioner filed a permanent custody petition in November 2023. The petition alleged that on October 19, 2023, Children's Protective Services (CPS) received a complaint from a relative dropping off mail to respondent's house that IJ and JJ, aged two and approximately nine months at the time, had been left alone, and were believed to have been alone from midnight to 10:45 a.m. Law enforcement was called, and officers observed "trash, clutter, rotting and molding meat, feces packed into the wood floors, hundreds of flies moving through

---

[1] The court also terminated the putative father's rights under MCL 712A.19b(3)(a)(*i*) (child's parent unidentifiable and has deserted child) and (k)(*i*) (parent abused the child and abuse included abandonment). He is not a party to this appeal.

with full fly traps, multiple rooms packed with clutter and inaccessible. Beds and couches stained, some growing mold. [Respondent] had left her two children . . . in a bedroom on a small bed with a plate of solid food placed in between them." As stated in the petition, it took 45 minutes for respondent to return home after officers arrived, and when she did return, she told officers she did not want to care for the children and was charged with fourth-degree child abuse.

Additionally, the petition alleged that the children were taken to Children's Hospital that same day, and medical personnel found evidence JJ had a skull fracture, which had likely not happened recently and would heal on its own. The doctor was unable to determine whether the fracture resulted from physical abuse, but the petition stated that respondent had no explanation for the cause of the fracture, and had the opportunity to prevent the injury but failed to do so.

Finally, the petition alleged that "[respondent] repeatedly left her oldest child [who is not a party to this matter] home alone and because of her improper supervision, [that child] is currently in a legal guardianship in Wayne County . . . ." On the basis of these allegations, petitioner requested that the court authorize the petition, exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2), and terminate the parental rights of respondent and the putative father under MCL 712A.19b(3)(a)(*i*), (b)(*ii)*, (g), and (j).

At the preliminary hearing on December 12, 2023, CPS investigator Sherita Aycox testified to the allegations in the petition. When asked what reasonable efforts had been made to prevent the children's removal, Aycox stated:

> I, we scheduled a meeting with [respondent] to discuss her, the reasons for the children coming to the department's attention. We also explored relatives. Her sister initially took the children but was unable to care for them. The grandmother, we have completed home assessments at her home. Also the case has been referred to the placement unit to work on placement for the children. [Respondent] has also been referred for parenting classes. That's pretty much it.

And when asked why petitioner requested a permanency plan of adoption rather than reunification, Aycox testified:

> Based on the fact that [respondent's] oldest child, his paternal grandmother, the, guardianship took place because [respondent] was leaving him home alone on multiple occasions as well, and so there's a pattern of [respondent] just not being able to make appropriate decisions regarding her children's safety.

Respondent waived any objection to authorization of the petition, and the court ultimately authorized the petition, finding physical neglect, a deplorable home, and medical neglect based on JJ's skull fracture. In the written order that followed, the court found probable cause that one or more of the allegations in the petition were true, and reasonable efforts were not required to prevent or eliminate the children's removal with regard to both parents as provided in MCL 722.638(1) and (2), and as evidenced by the "[u]nfit home, failure to protect, dependency, abandonment, [and] severe physical abuse[.]" The court also found reasonable efforts toward reunification were not required, and awarded respondent supervised parenting time.

After an adjournment on February 7, 2024, the referee held a bench trial on March 7, 2024, at which respondent pleaded no contest. On the basis of respondent's plea, the court found statutory grounds to exercise jurisdiction under MCL 712A.2(b)(1) and (2), and for termination under MCL 712A.19b(3)(b)(*i*) and (*ii*), and (j), stating:

> Based upon the Court's review of the document, the 154 [CPS Investigation Report], as well as the medical records of [JJ], the Court finds that the children come within the jurisdiction of the court pursuant to MCL 712A, I'm sorry, 712A pursuant to MCL 712A(b)(1) and (2) failing to provide when able to do so, support, education, medical, surgical, or other necessary care for the health and morals and unfit home and environment by reason of neglect, cruelty, drunkenness, criminality, depravity on the part of the parent, specifically leaving the children unsupervised on at least two occasions as indicated in the 154 report, unfit home, with clutter, animal feces on the ground, flies, the children not being provided with proper provisions, for instance, for diapers. That's the improper supervision with at least one of the children being found with physical injuries; specifically [JJ] with a skull fracture, healing skull fracture, which could not be ruled out as nonaccidental trauma.

> Further, that mother has made statements to individuals that she did not want to care for the children, as such the agency is arguing or I guess the parties are stipulating to statutory grounds for termination.

> * * *

> The Court finds by a stipulation statutory grounds to terminate pursuant to MCL 712A B, I'm sorry, no. 712A.19(B)(3) subsections (B) (i) (B) (ii) and (J) as it relates to mother.

The best interests hearing was held over four separate days on April 18, May 28, June 12, and June 26, 2024, with the court ultimately finding termination of respondent's parental rights to be in the children's best interests. Prior to the hearing, respondent was referred for a clinic evaluation to provide a recommendation on best interests, but respondent failed to keep the appointment, and no recommendation was provided.

## II. REASONABLE EFFORTS

Respondent argues first that petitioner failed to provide her reasonable efforts toward reunification before seeking termination in violation of MCL 712A.19a(2) and MCR 3.977.

### A. PRESERVATION

To preserve an argument that petitioner failed to provide reasonable efforts, "the respondent must 'object or indicate that the services provided to them were somehow inadequate[.]' " *In re Atchley*, 341 Mich App 332, 336; 990 NW2d 685 (2022), quoting *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Thus, the time for doing so is generally when the court adopts a service plan. *In re Atchley*, 341 Mich App at 336.

This case, however, involves an initial petition for termination, and respondent is arguing not that the services provided were inadequate, but rather that petitioner failed to make any efforts toward reunification without the existence of aggravated circumstances. "In general, issues that are raised, addressed, and decided by the trial court are preserved for appeal." *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 7 (quotation marks and citation omitted). Respondent waived the probable cause determination to authorize the original petition for termination, and pleaded no contest to statutory grounds for adjudication and termination without raising the issue. It was not until her closing argument at the best interests hearing that respondent's counsel indicated respondent was willing and able to complete services, and asserted petitioner could have given her gas cards and "provided for care." Accordingly, this issue has not been preserved for appellate review.

## B. STANDARD OF REVIEW

Unpreserved issues in termination of parental right cases are reviewed for plain error affecting substantial rights. This standard requires a respondent to establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected their substantial rights. And the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings. [*In re Walters*, ___ Mich App at ___; slip op at 7 (quotation marks and citations omitted).]

## C. ANALYSIS

Under MCR 3.977(E):

The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if

(1) the original, or amended, petition contains a request for termination;

(2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;

(3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:

(a) are true, and

(b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (*l*), or (m);

(4) termination of parental rights is in the child's best interests.

-4-

Additionally, when a child is removed from his parents' custody, the petitioner *must* make reasonable efforts toward reunification unless the following circumstances are present:

> (a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

> (b) The parent has been convicted of 1 or more of the following:

>> (*i*) Murder of another child of the parent.

>> (*ii*) Voluntary manslaughter of another child of the parent.

>> (*iii*) Aiding or abetting in the murder of another child of the parent or voluntary manslaughter of another child of the parent, the attempted murder of the child or another child of the parent, or the conspiracy or solicitation to commit the murder of the child or another child of the parent.

>> (*iv*) A felony assault that results in serious bodily injury to the child or another child of the parent.

> (c) The parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights.

> (d) The parent is required by court order to register under the sex offenders registration act. [*In re Walters* ___ Mich App at ___; slip op at 3-4, quoting MCL 712A.19a(2); see also *In re Barber/Espinoza*, ___ Mich App at ___, ___; ___ NW3d ___ (2024) (Docket No. 369359); slip op at 4.[2]]

Here, petitioner filed an original permanent custody petition, and we see no evidence in the record that petitioner provided any reasonable efforts toward reunification. We could find no case service plan in the record, and although Aycox testified at the preliminary hearing that respondent was referred for parenting classes, the only real further mention is from respondent at the June 26 best interests hearing that she participated in parenting classes since November, with no progress notes or testimony from caseworkers.[3]

Further, respondent is correct, as she asserts in her brief on appeal, that she does not meet any of the circumstances listed in MCL 712A.19a(2)(b), like murder of a child or placement on

---

[2] Application for leave to appeal is pending.

[3] Respondent was also awarded supervised parenting time, but according to testimony from her caseworker, she missed 8 of 14 visits.

the sex offender registry.[4] The only mention of specific aggravated circumstances we could locate in the record was the court's finding in its December 12, 2023 order following the preliminary hearing that reasonable efforts were not required to prevent the children's removal from the home with regard to both respondent and the putative father as provided in MCL 722.638(1) and (2), and evidenced by the "[u]nfit home, failure to protect, dependency, abandonment, [and] severe physical abuse[.]"[5]

MCL 722.638(1) and (2) provide, in relevant part as could be applicable to respondent:

(1) The department shall submit a petition for authorization by the court under section 2(b) of chapter XIIA of 1939 PA 288, MCL 712A.2, if 1 or more of the following apply:

(a) The department determines that a parent, guardian, or custodian, or a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child or a sibling of the child and the abuse included 1 or more of the following:

(*i*) Abandonment of a young child.

* * *

(*iii*) Battering, torture, or other serious physical harm.

* * *

(*v*) Life threatening injury.

* * *

(2) In a petition submitted as required by subsection (1), if a parent is a suspected perpetrator or is suspected of placing the child at an unreasonable risk of harm due to the parent's failure to take reasonable steps to intervene to eliminate that risk, the department shall include a request for termination of parental rights at the initial dispositional hearing as authorized under section 19b of chapter XIIA of 1939 PA 288, MCL 712A.19b.

Abandonment only relates to the children's putative father, as respondent's leaving the children home alone for a night, on its own, is not tantamount to abandonment. And, although respondent does not make this argument specifically, the petition on which the court's finding was based, and to which respondent waived any challenge, provides only that JJ suffered a skull

---

[4] The record demonstrates that respondent's oldest child is being cared for by a relative in a guardianship, but we see no evidence that respondent's rights to that child were terminated.

[5] Curiously, in some orders entered throughout the proceedings, the court checked the box indicating that reasonable efforts toward reunification shall be, or had been, made.

-6-

fracture of unknown cause, not that the injury was caused by abuse perpetrated by a parent, guardian, custodian, or other adult residing at the home, MCL 722.638(1)(a). Indeed, Aycox testified at the preliminary hearing that doctors could not rule out or definitely conclude the skull fracture was the result of abuse, which is uncontradicted and confirmed by other evidence in the record, including JJ's medical records and the CPS investigation report. Nor does MCL 722.638(2) affect our conclusion on the basis of any argument that respondent failed to take reasonable steps to eliminate the skull fracture risk, because where a petition is not mandated under subsection (1), subsection (2) does not apply. *In re Barber/Espinoza*, ___ Mich App at ___; slip op at 8. Thus, the record fails to support the court's finding that MCL 722.638(1) and (2) applied to respondent.

It may be argued that respondent's no contest plea to statutory grounds, specifically MCL 712A.19b(3)(b)(*i*) and (b)(*ii*), waived any challenge to reasonable efforts on appeal. But in *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 5, this Court distinguished reasonable efforts from statutory grounds, stating:

> The statutory framework makes clear that the Legislature did not intend for reasonable efforts to be linked to the statutory grounds . . . . First, the permissible statutory grounds for termination of parental rights are found in Section 19b of the Probate Code of 1939, MCL 710.21 *et seq.*, but the statutory requirement that reasonable efforts toward reunification be made is found in sections 19a and 18f. Moreover, the only mentions of "reasonable efforts" made in section 19b are in reference to the requirement that reasonable efforts be made to locate a parent prior to terminating parental rights on the basis of desertion and in reference to the requirement that the court order no "additional efforts for reunification" if it finds that statutory grounds have been established and that termination is in the child's best interests.

Thus, this Court concluded, "the requirement that reasonable efforts be made toward reunification is distinct from the requirement that at least one statutory ground for termination of parental rights be established by clear and convincing evidence." *In re MJC*, ___ Mich App at ___; slip op at 5. And the record demonstrates that the court did not explain to respondent that pleading no contest to statutory grounds would preclude a challenge to reasonable efforts. *Id*.

Moreover, MCL 712A.19b(3)(b)(*i*) and (*ii*), and MCL 722.638(1)(a)(*iii*) and (*v*) are not one and the same. Under MCL 712A.19b(3)(b)(*i*) and (*ii*), termination of parental rights is appropriate where there is clear and convincing evidence that

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

> (*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable

likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

In contrast, a court may find aggravated circumstances to forego reasonable efforts toward reunification under MCL 722.638(1)(a)(*iii*) and (*v*) where a parent's abuse of a child includes "[b]attering, torture, or other serious physical harm," or "[l]ife threatening injury." There is no indication that physical injury or abuse under MCL 712A.19b(3)(b)(*i*) and (*ii*) equates to abuse which includes these aggravated circumstances. Indeed, those specific terms can be found in a separate statutory ground for termination, to which respondent did not plead no contest. See MCL 712A.19b(3)(k).[6] Nor does the record support such a finding, as described above. Accordingly, the court erred when it determined that petitioner did not have to make reasonable efforts toward reunification based on its finding of aggravated circumstances under MCL 722.638.

Finally, this unpreserved error warrants reversal. The plain error standard applicable here "requires a respondent to establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected their substantial rights." *In re Walters*, ___ Mich App at ___; slip op at 7 (quotations marks and citation omitted). A clear or obvious error is one that is not subject to reasonable dispute. *In re Barber/Espinoza*, ___ Mich App at ___; slip op at 8. Our interpretations of MCL 712A.19a(2) and MCL 722.638 are supported by the plain language of the statutes, and are not subject to reasonable dispute. *Id*. at 8. And as to prejudice, the *Barber/Espinoza* Court concluded

> that the trial court's error prejudiced defendant because (1) it is unclear how an aggrieved respondent could establish outcome-determinative error concerning the denial of reunification services altogether and (2) the error improperly dispensed with a critical aspect of a child protective proceeding—the requirement to offer reunification services before terminating parental rights—affected the very framework within which this case progressed, undermined the foundation of the rest of the proceedings, and impaired respondent's fundamental right to direct the care, custody, and control over her children. [*Id*. at 9.]

---

[6] Termination under MCL 712A.19b(3)(k) is appropriate where

> (k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:
>
> * * *
>
> (*iii*) Battering, torture, or other severe physical abuse.
>
> * * *
>
> (*v*) Life-threatening injury.

The same analysis applies here. See *In re Walters*, ___ Mich App at ___; slip op at 7 (determining that the *Barber/Espinoza* Court's analysis of the third prong "applies equally to any case in which a court erroneously terminates a parent's rights in the absence of aggravating circumstances"). Further, as in *Walters* and *Barber/Espinoza*, the fairness and integrity of the proceedings were seriously affected by the court's error because it altered "the framework in which the case progressed." *In re Walters*, ___ Mich App at ___; slip op at 7; *In re Barber/Espinoza*, ___ Mich App at ___; slip op at 9.

Accordingly, we reverse and remand for further proceedings consistent with this opinion. On remand, DHHS must prepare a case service plan, and the trial court shall order reasonable efforts toward reunification. We do not retain jurisdiction.[7]

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock

---

[7] Because we have reversed on grounds that the trial court plainly erred by not ordering reasonable efforts toward reunification, we need not address respondent's best interests argument.